# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

QUORDALIS V. SANDERS,

                Petitioner,

v.

TORY SMITH,

                Respondent.

Case No. 25-CV-578-JPS

**ORDER**

On April 23, 2025, Petitioner Quordalis V. Sanders ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1. On April 25, 2025, the Court screened the petition and instructed Petitioner to file an amended petition to clarify his claims; Plaintiff filed a motion for recusal the same day. ECF Nos. 5, 6. On April 30, 2025, Petitioner filed an amended petition. ECF No. 8. This Order addresses Petitioner's motion for recusal and screens his amended petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

**1.     MOTION FOR RECUSAL**

Plaintiff requests recusal of the undersigned based on the Court's prior ruling in another habeas case with Petitioner. ECF No. 5. Based on the Court's ruling, Petitioner believes the Court has a personal and political interest in the outcome of this case. *Id.* Both 28 U.S.C. § 144 and § 455(b)(1) require a judge to disqualify himself from deciding a case if he has a "personal prejudice or bias" concerning a party. "A trial judge has as much obligation not to recuse himself when there is no occasion for him to do so [under § 144] as there is for him to do so when the converse prevails."

*Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 717 (7th Cir. 2004) (quoting *United States v. Ming,* 466 F.2d 1000, 1004 (7th Cir.1972)).

Similarly, § 455(a) requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (REHNQUIST, C.J., respecting recusal). This is an objective inquiry. *Id.* The Court must look at any potential conflicts or bias "from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Id.*

There is nothing in Plaintiff's motion that would cause a "reasonable observer who is informed of all of the surrounding facts and circumstances" to question the Court's impartiality. Disagreement with a court's prior ruling is certainly not a basis for judicial recusal. In this context, a judge's recusal is not required unless a ruling or opinion makes "'fair judgment impossible.'" *In re City of Milwaukee*, 788 F.3d 717, 722 (7th Cir. 2015). The Court does not doubt its ability to be fair and impartial adjudicating this case. Therefore, there is no basis for recusal and the Court will accordingly deny Plaintiff's motion for recusal.

## 2. FACTUAL BACKGROUND

Petitioner seeks federal habeas relief in relation to parole revocation proceedings in Racine County Case No. 2016-CF-294 and Case No. 2016-CF-466. ECF No. 8. Public records indicate that Petitioner was revoked and sentenced to prison on March 10, 2025, and that he has yet to appeal his conviction in any higher court.[1] Petitioner filed this case only a little more

---

[1] *See State of Wisconsin v. Quordalis V. Sanders,* Racine County Case No. 2016CF000294, https://wcca.wicourts.gov/caseDetail.html;jsessionid=20A3258A2AB4A8EE49D4C0DDC5A60BE8.render4?caseNo=2016CF000294&countyNo=51&mode=details (last visited June 4, 2025).

than a month later on April 23, 2025. ECF No. 1. The Court will not elaborate further on the factual background, however, because Petitioner has failed to exhaust his administrative remedies and this case must therefore be dismissed without prejudice.

3.  **SCREENING ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

A district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th

Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

The exhaustion requirement applies to revocation proceedings. *See Schroeder v. Pollard*, 361 F. Supp. 3d 800, 805 (E.D. Wis. 2019) (applying habeas exhaustion requirement to Wisconsin revocation proceeding). Wisconsin law provides for review of probation revocation decisions "'by certiorari directed to the court of conviction . . . .'" *Griffin v. Hafemann*, No. 15-C-140, 2015 WL 566593, at *1 (E.D. Wis. Feb. 9, 2015) (quoting *State ex rel. Johnson v. Cady*, 185 N.W.2d 306, 311 (Wis. 1971)). An inmate has forty-five days to file a petition for a writ of certiorari challenging the administrative decision to revoke his probation. Wis. Stat. § 893.735; *Smith v. Benzel*, No. 23-CV-1405, 2024 WL 493288, at *1 (E.D. Wis. Jan. 25, 2024). If that petition is unsuccessful, the inmate must appeal the circuit court's decision to the Wisconsin Court of Appeals and, if again unsuccessful, must seek review by the Wisconsin Supreme Court. *Id.* The inmate may seek habeas relief in federal court only after each of these steps proves unsuccessful. *Id.*; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Here, public records and the timing of the revocation indicate that Petitioner filed no appeals of his revocation conviction to any higher state court. Thus, Petitioner has not sufficiently exhausted his state remedies, and the Court will deny the petition and dismiss this case without prejudice. *See*

*Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013) (noting that ordinarily an exhaustion dismissal is without prejudice so that the petitioner may return to state court in order to litigate the claim).

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Petitioner exhausted his state remedies. As a consequence, the Court is compelled to deny a certificate of appealability as to the amended petition.

Accordingly,

**IT IS ORDERED** that Petitioner's amended petition for a writ of habeas corpus, ECF No. 8, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for recusal, ECF No. 5, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust state remedies; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of June, 2025.

BY THE COURT

_____
J.P. Stadtmueller
U.S. District Judge

<div style="color:red; border: 1px solid red; padding: 1em;">

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

</div>