UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

QUORDALIS V. SANDERS,

              Petitioner,

v.

TORY SMITH,

              Respondent.

Case No. 25-CV-578-JPS

**ORDER**

      Petitioner, Quordalis V. Sanders, a prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On June 4, 2025, the Court dismissed the case without prejudice for Petitioner's failure to exhaust administrative remedies and entered judgment accordingly. ECF Nos. 9, 10. Pending before the Court is Petitioner's motion to alter or amend the judgment and motion for stay of execution of state court's judgment of conviction and for immediate release. ECF Nos. 11, 13.

      The Court will deny Petitioner's motion to alter or amend the judgment. Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf*

*Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A party may file a motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1), (6).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and only "manifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead by "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Here, Petitioner's motion does not meet the high burden necessary to succeed. Petitioner maintains that the Court's judgment was based on a "faulty fraudulent misrepresentation of the facts of the case." ECF No. 11 at 1. Petitioner points to his original action filed in the Wisconsin Supreme Court in support that he exhausted his state remedies. *Id.* at 1–2. However, "an original action filed with a state supreme court does not 'fairly present' the issues in that action for the purposes of exhaustion." *Walker v. Watters*, No. 09-CV-452, 2009 WL 3245655, at *2 (E.D. Wis. Oct. 6, 2009). Plaintiff also reiterates his arguments in relation to this Court's alleged bias and the need for recusal. ECF No. 11 at 3–4. Plaintiff provides no basis, however, for the Court to alter its position that recusal was not warranted in this case. As such, the Court is obliged to deny Petitioner's motion to alter or amend the judgment. The basis for Petitioner's motion for stay of execution of state court's judgment of conviction was the pending motion to amend the judgment; the Court therefore will deny this motion as moot.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to alter/amend the judgment, ECF No. 11, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner's motion for a stay of execution of state court's judgment, ECF No. 13, be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 8th day of October, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge